IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, et al., ) <br> ) <br> *Defendants*. ) <br> ) | Civ. No. 1:07-cv-02210-RJL |

## FEDERAL DEFENDANTS' RESPONSE TO NOTICE OF FILING

On January 17, 2008, Plaintiff in the above-captioned action submitted a Notice of Filing (Doc. No. 24) to the Court, attaching the opinion in Tafas v. Dudas, 511 F. Supp. 2d 652 (E.D. Va. 2007). Plaintiff asserts the opinion illustrates that a preliminary injunction in the present matter is appropriate because, like the plaintiff in Tafas, it will be irreparably injured by an agency decision on Plaintiff's fee-to-trust application for gaming. See Notice of Filing. Once again, however, Plaintiff either misinterprets or misapplies the standard for a preliminary injunction's irreparable injury requirement.

At issue in Tafas was the Patent and Trade Office's promulgation of final rules[1] changing the manner in which a patent applicant could seek continued review of its application after an initial denial. 511 F. Supp. 2d at 656–57. In finding plaintiff would be irreparably injured if the rule changes were implemented, the court identified several injuries. First, plaintiff's "ability to

---

[1] The fact that Tafas involved the implementation of a final rule is enough to distinguish the case from the present facts. Here, because a decision has yet to be issued on Plaintiff's application, there is no final agency action nor any injury, and Plaintiff's claim is thus not ripe for review by this Court under both the Administrative Procedures Act and Article III of the Constitution.

file continuing applications . . . [was] truncated." Id. at 668.  Secondly, plaintiff's intellectual property rights under patent law could be "permanently affected," potentially denying the public of beneficial medicines.  Id.  And, finally, plaintiff would be unable to recover any losses incurred from the new rules if they were ultimately determined to be invalid.  Id. at 669.  By contrast, the only harm Plaintiff is subject to here is the speculative possibility that their application will be denied.  Any such denial would be immediately reviewable by a federal court under the Administrative Procedures Act.  In fact, post-denial review would be the appropriate time for Plaintiff to make its current allegations.  For these reasons, Tafas is not analogous to the current action and request for preliminary injunctive relief.

Additionally, the Tafas court followed the Federal Circuit's standard for a preliminary injunction.  Id. at 659 (noting that none of the four factors are dispositive).  In the D.C. Circuit, however, a failure to show an irreparable injury is dispositive.  See Smith, Bucklin & Assoc. v. Sonntag, 83 F.3d 476, 477 (D.C. Cir. 1996).  Because Plaintiff has failed to make that showing, the current Motion for Preliminary Injunction should be denied.  Further, because there is no final agency action nor any injury to constitute standing, Federal Defendants' Motion to Dismiss should be granted.

Respectfully submitted this 23rd day of January, 2008.

                                            RONALD J. TENPAS
                                            Assistant Attorney General

                                            */s/ Kristofor R. Swanson*

                                        SARA E. COSTELLO  (KS #20898)
                                        KRISTOFOR R. SWANSON (Colo. # 39378)
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
(202) 305-0466
(202) 305-0248
Fax: (202) 305-0267
sara.costello@usdoj.gov
kristofor.swanson@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:

Jonathan Damm
U.S. Department of the Interior
Office of the Solicitor
Division of Indian Affairs