IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

THE ST. CROIX CHIPPEWA INDIANS OF     )
WISCONSIN,                                             )
                                                              )
                    *Plaintiff*,                           )
                                                              )
*v.*                                                          )          Civ. No. 1:07-cv-02210-RJL
                                                              )
DIRK KEMPTHORNE, et al.,                    )
                                                              )
                    *Defendants*.                      )
_____)

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A
STAY OF THIS COURT'S ORDER OF FEBRUARY 21, 2008**

On February 21, 2008, the Court denied Plaintiff St. Croix Chippewa Indians of

Wisconsin's Motion for a Preliminary Injunction. *See* Ct.'s Order (Dkt. No. 35). On March 13,

2008, Plaintiff moved for a stay of the Court's Order. *See* Pl.'s Mot. for Stay (Dkt. No. 36). In

essence, Plaintiff attempts to relitigate issues and arguments that the Court has already ruled

upon. Plaintiff, however, presents nothing to justify its attempt to stay the Court's February 21,

2008, Order. Accordingly, as Defendants Dirk Kempthorne, in his official capacity as Secretary

of the Interior, and Carl J. Artman, in his official capacity as Assistant Secretary for Indian

Affairs, explain below, Plaintiff's Motion for Stay should be firmly rejected.

**I.        Standard of Review**

In *Hatfill v. Mukasey*, the District Court for the District of Columbia recently set forth the

factors that must be considered in deciding whether a stay of an order pending appeal is

warranted. __ F. Supp. 2d __, 2008 WL 623586 at *2 (D.D.C. Mar. 7, 2008). The court

1

explained:

> [A] court must assess the following: (1) whether the petitioner is likely to prevail on the merits of [its] appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceeding, and (4) wherein lies the public interest.

*Id*. (internal quotation omitted).

"Importantly, it is 'the movant's obligation to justify the court's exercise of such an extraordinary remedy.'"  *Humane Soc'y of U.S. v. Johanns*, 2007 WL 1120404 at *5 (D.D.C. Apr. 13, 2007) (quoting *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985)) (additional citation omitted).  Indeed, "[t]his Circuit has recently reiterated that a moving party must satisfy 'stringent standards required for a stay pending appeal.'" *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 230 F. Supp. 2d 12, 14 (D.D.C. 2002) (quoting *Summers v. Howard Univ*., 2002 WL 31269623 (D.C. Cir. Oct. 10, 2002)).  "Where a moving party fails to establish a substantial case on the merits, and further fails to 'demonstrate that the balance of equities or the public interest strongly favor the granting of a stay,' a motion for stay is properly denied."  *Humane Society of U.S.,* 2007 WL 1120404 *5 (quoting *Cuomo*, 772 F.2d at 978).

## II.     Plaintiff's Motion for Stay Should be Denied As Plaintiff Has Failed to Meet its Burden for Justifying Stay.

Upon reviewing the claims contained in Plaintiff's Motion for a Preliminary Injunction, the Court held that "[P]laintiff has failed to even demonstrate that the Court has the necessary authority under the [Administrative Procedures Act, 5 U.S.C. §§ 701-06] to reach the merits of this dispute."  Ct.'s Mem. Op., 7 (Dkt. No. 34).  In doing so, the Court rejected Plaintiff's claim

that an August 21, 2007, letter from the Director of the Office of Indian Gaming ("Skibine Letter") to Plaintiff's counsel constitutes final agency action.[1]  As the Court explained, "Plaintiff's claims that the Skibine Letter amounts to a final agency action . . . are unsubstantiated and without merit."  Ct.'s Mem. Op. at 7.

Plaintiff spends the bulk of its Motion for Stay arguing that the Court incorrectly concluded that a final agency action is not present in this matter.  Pl.'s Mot. at 5–12.  Plaintiff, however, has provided no basis for the Court to reconsider its earlier conclusion.  As the Court correctly noted, "[f]inal agency action 'mark[s] the consummation of the agency's decisionmaking process' and is 'one by which rights or obligations have been determined, or from which legal consequences will flow.'"  Ct.'s Mem. Op. at 7 (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)); *see also* Pl.'s Mot. at 8.  In arguing that the first prong of the *Bennett* test has been satisfied, Plaintiff mistakenly contends that "[t]he Skibine letter clearly demonstrates [the] decision making process had clearly been consummated and the Federal Defendants do not contend otherwise."  Pl.'s Mot. at 8.  Defendants' Reply in Support of their Motion to Dismiss, however, explained that:

> Plaintiff continues to misconstrue the letter's nature.  <u>The August 21 Skibine letter was not a reviewable culmination of any agency re-thinking of the fee-to-trust application process for gaming</u>.  Instead, it was a communication in response to Plaintiff's request for information on the on-going review process.  For purposes of stating a claim, the "consummation" of any agency change in internal process here would be a letter or other declaration issuing a decision on Plaintiff's fee-to-trust application.

---

[1] The letter, written in response to an inquiry from Plaintiff's counsel, states: "We will make a determination on whether to take land into trust pursuant to Part 151 prior to making the two-part secretarial determination under IGRA."  Pl.'s Mot. for Prelim. Injunction, 6.

Defs.' Reply, 2-3 (Dkt. No. 19) (emphasis added) (citing *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 22 (D.C. Cir. 2006) (noting the D.C. Circuit's long-standing practice requiring challenges to broad agency policies be made to the policy's specific implementation)).  Indeed, as the Court recognized "[t]he Skibine Letter clearly does not mark the consummation of the agency's decisionmaking process."  Ct.'s Mem. Op. at 8 (internal quotations and citations omitted).

Plaintiff's assertion that the Skibine Letter satisfies the second prong of the *Bennett* test also misses the mark.  The D.C. Circuit determines an action has met the second prong "if 'it imposes an obligation, denies a right or fixes some legal relationship.'"  *Chiang v. Kempthorne*, 503 F. Supp. 2d 343, 350 (D.D.C. 2007) (quoting *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1278 (D.C. Cir. 2005)).  Plaintiff puts great emphasis on the *Chiang* court's finding that the "Guidelines Regarding Statute of Limitations for Demands and Orders and Appeals Decisions for Federal Leases" issued by the director of the Minerals Management Service ("MMS") constituted final agency action.  *Chiang*, 503 F. Supp. 2d at 343-350 (finding "the Guidelines announced a policy of extending the scope of the 7-year statute of limitations Congress enacted in 1996," were binding on their face, and applied in a binding fashion).  The guidelines at issue in *Chiang* are, however, wholly different than the Skibine Letter.  Nothing in the Skibine Letter alters the legal regime for review of fee-to-trust applications for gaming.  An applicant still must surpass the requirements of both the Indian Reorganization Act (via the 25 C.F.R. Part 151 implementing regulations) and the Indian Gaming Regulatory Act before gaming can commence.  Moreover, Plaintiff fails to show that the

4

Skibine Letter either purported to or does bind the Department of the Interior.  *See e.g.*, *Amoco Prod. Co. v. Watson*, 410 F.3d 722, 732 (D.C. Cir. 2005); *Indep. Petroleum Ass'n of Am. v. Babbitt*, 92 F.3d 1248, 1256-57 (D.C. Cir. 1996); *Sabella v. United States*, 863 F. Supp. 1, 6 (D.D.C. 1994).  As the Court noted, "Interior has not made any determination or issued any order imposing any obligation on [St. Croix], denying any right of [St. Croix], or fixing any legal relationship."  Ct.'s Mem. Op. at 8 (internal quotations and citations omitted).  Consequently, *Chiang* has little application to Plaintiff's claims.

Plaintiff's attempts to distinguish the cases relied upon in the Court's Memorandum Opinion also fail to salvage Plaintiff's claims.  For example, like the federal defendant in *Reliable Automatic Sprinkler Co., Inc. v. Consumer Product Safety Commission*, Defendants are still in the midst of their administrative review process and have not yet issued a final agency decision.  324 F.3d 726, 732 (D.C. Cir. 2003) ("[T]he agency has not yet made any determination or issued any order imposing any obligation on Reliable, denying any right of Reliable, or fixing any legal relationship").  In reaching its conclusion, the *Reliable Automatic Sprinkler Co.* court also rejected the plaintiff's argument that previous actions by the federal agency against other parties made clear the results in its case.  *Id*. at 733.  The court found a letter sent to the plaintiff from the federal agency's counsel announcing the agency's intention was insufficient to establish that final agency action had occurred.  *Id*. at 730-31.  Further, though the agency proceedings in *Beverly Enterprises, Inc. v. Herman* and *DRG Funding Corp v. Secretary of Housing and Urban Development* had advanced further than the proceedings in Plaintiff's case, they still did not reflect final, judicially-reviewable agency action.  *Beverly*

*Enterprises, Inc.,* 50 F. Supp. 2d 7, 12 (D.D.C. 1999) (agency determination had been made and was subject of administrative appeal); *DRG Funding Corp,* 76 F.3d 1212, 1214-15 (D.C. Cir. 1996) (same). Thus, the cases the Court cited in fact support the conclusion that, here, there is no final agency.[2]

In any event, it is Plaintiff that bears the burden of identifying a final agency action. As the Court recognized in its February 21, 2008, Order and Memorandum Opinion, Plaintiff has not shown that the Skibine Letter meets that burden. As Plaintiff has offered nothing new in its Motion to Stay, Plaintiff still has not met that burden, nor established that the Court's Order should be stayed.

Plaintiff also fails to meet the remaining factors of the applicable judicial test for granting a stay. Plaintiff, for example, cannot show it will be irreparably injured without a stay of the Court's Order. As recognized by the Court during oral argument and in its Memorandum Opinion, "[t]he District of Columbia Circuit has established a high bar for what constitutes irreparable injury." *Hatfill*, 2008 WL 623586 at *6 (discussing irreparable injury component in deciding whether a stay pending appeal was warranted). The Circuit, specifically, "has held that 'the injury must be both certain and great; it must be actual and not theoretical." *Id*. (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). Plaintiff,

---

[2] Plaintiff's Motion for Stay includes a number of other citations, none of which offer support for Plaintiff's arguments. For example, *Hurson Associates v. Glickman* holds no factual similarities to Plaintiff's present action. *See* 229 F.3d 277 (D.C. Cir 2000). Moreover, because a Federal Register notice had been issued in that case, there was little doubt that a final agency action pursuant to the APA had occurred. *Id*. at 279–80. The question of whether there was a final agency action was not explored by the parties or the court.

however, has "failed to demonstrate a substantial likelihood of irreparable injury." Ct.'s Mem. Op. at 7. Plaintiff's "position is based entirely on pure speculation about how the Department will rule on the Part 151 determination, and ultimately, its application." Ct.'s Mem. Op. at 6; *see also* Pl.'s Mot. at 15 (arguing that the Department's decisions on other applications "forecast the destiny of the Beloit Application").[3] Unfortunately for Plaintiff, "[s]uch speculation is legally insufficient to constitute the irreparable harm necessary to warrant injunctive relief." Ct.'s Mem. Op. at 6 (citing *Ass'n of Flight Attendants-CWA, AFL-CIO v. Pension Benefit Guar. Corp.*, 372 F. Supp. 2d 91, 101 (D.D.C. 2005); *Power Mobility Coalition v. Leavitt*, 2005 WL 3312962 at *11 (D.D.C. Dec. 7, 2005)).

Moreover, despite Plaintiff's protestations, any injuries it might sustain would be "purely economic in nature." Ct.'s Mem. Op. at 6. Plaintiff's citation to *National Wildlife Federation v. Burford* does not save its argument. Plaintiff can make no demonstration that the sorts of alleged environmental risks present in *National Wildlife Federation* are present in this matter. *See* 835 F.2d 305, 325 (D.C. Cir. 1987) (alleging that the use and enjoyment of environmental resources would be irreparably injured if public lands were opened to exploration, development, and disposal). As the Court noted in its Opinion, "economic loss does not, in and of itself, constitute irreparable harm." Ct.'s Mem. Op. at 5 (citing *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Consequently, Plaintiff has again failed to demonstrate that it will be irreparably injured in the absence of a stay.

---

[3] Throughout the case, Plaintiff has also assumed that if Defendants make the two-part secretarial determination under IGRA prior to making a decision pursuant to 25 C.F.R. Part 151, it would lead to a favorable decision regarding its application.

7

Finally, contrary to Plaintiff's representations, a stay will substantially harm other parties interested in these proceedings, and is not in the best interest of the public. A stay will disrupt the processes established by Defendants for review of applications to take land into trust and make a two-part Secretarial determination. A stay will also delay the processing of other Indian tribes' applications. Plaintiff can offer nothing to support its cursory statement that other Indian tribes would prefer to have these legal issues examined by the D.C. Circuit before their applications are processed by the Department of the Interior. Because a stay will negatively impact Defendants and Indian tribes who are not a party to this litigation, Plaintiff's motion should be denied.

## III.    Conclusion

In sum, Plaintiff has provided no basis for the Court to either alter its earlier conclusions or issue an order staying this matter. Accordingly, Plaintiff's Motion for Stay should be denied.

Respectfully submitted this 27th day of March, 2008.

> RONALD J. TENPAS
> Assistant Attorney General
>
>   _/s/ Kristofor R. Swanson_
> SARA E. COSTELLO  (KS #20898)
> KRISTOFOR R. SWANSON (Colo. # 39378)
> United States Department of Justice
> Natural Resources Section
> P.O. Box 663
> Washington, D.C.  20044-0663
> (202) 305-0466
> (202) 305-0248
> Fax: (202) 305-0267
> sara.costello@usdoj.gov
> kristofor.swanson@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:

Jonathan Damm
U.S. Department of the Interior
Office of the Solicitor
Division of Indian Affairs