IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | Civ. No. 1:07-cv-02210-RJL |
| DIRK KEMPTHORNE, et al., | ) ) ) | |
| *Defendants.* | ) ) | |

**FEDERAL DEFENDANTS' RESPONSE TO NOTICE OF FILING**

On April 10, 2008, Plaintiff in the above-captioned action submitted a Notice of Filing (Doc. No. 41) to the Court, attaching the opinion in *Indian Educators Federation v. Kempthorne*, No. 04-01215, 2008 U.S. Dist. LEXIS 25878 (D.D.C. Mar. 31, 2008). Plaintiff asserts the opinion strongly supports its allegation of an arbitrary and capricious departure from established prior practice and procedure. Pl.'s Notice at 3. As with Plaintiff's other citations and filings, however, the opinion is easily distinguishable from the present action.[1]

First, *Indian Educators Federation* involved a final agency decision—the decision not to hire—that directly injured the plaintiffs. 2008 U.S. Dist. LEXIS 25878 at *15–16 ("[I]t is uncontested that the plaintiff's American Indian members applied for and were deemed qualified for promotions to higher graded positions . . . but non-Indian applicants were selected for the positions."). An agency decision not to hire an applicant no doubt "mark[s] the consummation"

---

[1] Defendants also note that *Indian Educators Federation* involved interpretation of a specific statutory term. *See* No. 04-01215, 2008 U.S. Dist. LEXIS 25878, at *4 (D.D.C. Mar. 31, 2008). The process Plaintiff prematurely challenges in the present action is one of informal adjudication.

of agency decisionmaking, and directly affects the job applicants' rights.  *See Bennett v. Spear*, 520 U.S. 154, 178 (1997).  By contrast here, the Court has already determined the Department of the Interior has "'not yet made any determination or issued any order imposing any obligation on [St. Croix], denying any right of [St. Croix], or fixing any legal relationship.'"  *See* Ct.'s Feb. 21 Mem. Op. at 7–8 (Doc. No. 34)[2] (quoting *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 732 (D.C. Cir. 2003)).

  Secondly, even if an agency action existed that could allow Court review of Plaintiff's allegations under the Administrative Procedure Act, the nature of the Tribe's claims are wholly distinct from those in *Indian Educators Federation*.  The latter involved an agency decision that had a direct impact on the outcome on the entitlement in question.  Tribal applicants would either be given preference for the positions or they would not be.  Thus, the agency decision was a <u>determinative factor</u> in the plaintiffs' eligibility for a given position.  By contrast, regardless of the order in which the agency reviews Plaintiff's application under the two independent legal thresholds here (the Secretarial two-part determination and 25 C.F.R. Part 151), the application must surpass both thresholds before the land in question can be taken into trust for gaming.

Respectfully submitted this 14th day of April, 2008.

              RONALD J. TENPAS
              Assistant Attorney General

               */s/ Kristofor R. Swanson*

              SARA E. COSTELLO  (KS #20898)
              KRISTOFOR R. SWANSON (Colo. # 39378)

---

[2] On April 9, 2008, Plaintiff filed notice of its intent to appeal the February 21, 2008, order.  *See* Doc. No. 40.

                                                United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
(202) 305-0466
(202) 305-0248
Fax: (202) 305-0267
sara.costello@usdoj.gov
kristofor.swanson@usdoj.gov

*Attorneys for Federal Defendants*

Of Counsel:

Jonathan Damm
U.S. Department of the Interior
Office of the Solicitor
Division of Indian Affairs